UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HECTOR MIGUEL JURACAN QUINO,            :
                                        :
                        Plaintiff,      :
                                        :         *SUA SPONTE* REPORT
            -against-                   :         AND
                                        :         RECOMMENDATION
NEW HO WAH CHINESE TAKE OUT INC.,       :
*doing business as* NEW HO WAH,         :         21-CV-648 (DG)(MMH)
DONG LIU, and ZHEN LIN,                 :
                                        :
                        Defendants.     :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Hector Miguel Juracan Quino brought this action against Defendants New Ho Wah Chinese Take Out Inc., Dong Liu, and Zhen Lin, alleging failure to pay overtime and minimum wage and other wage and hour violations. (*See generally* Compl., ECF No. 1.) For over one year, Plaintiff has been absent from the case and has failed to comply with court orders. Accordingly, the Court respectfully and *sua sponte* recommends dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.    BACKGROUND**

Plaintiff filed the Complaint and served summonses on all Defendants in February 2021. (*See* ECF Nos. 1, 6–8.) At that time, Plaintiff was represented by Michael Faillace & Associates, P.C. (*See id*.) After defendants failed to answer or otherwise respond to the Complaint, Plaintiff requested a certificate of default from the Clerk of Court. (ECF No. 9.) The previously assigned magistrate judge directed Plaintiff to move for default judgment by August 2021. (June 3, 2021 Order.)[1]

---

[1] The case was reassigned on June 7, 2021.

Between June 2021 and November 2021, this Court granted multiple extensions of time for Plaintiff to file his motion for default judgment. (Aug. 3, 2021 Order; Aug. 17, 2021 Order; Sept. 1, 2021 Order; Oct. 5, 2021 Order; Nov. 3, 2021 Order.) On November 6, 2021, attorney Faillace withdrew from the case based on his then-pending suspension from legal practice and was replaced by CSM Legal P.C. ("CSM"). (ECF No. 20.)

On January 26, 2022, CSM moved to withdraw as counsel, citing an inability to contact Plaintiff. (*See generally* Mot., ECF No. 21.) The Court ordered Plaintiff to appear with counsel at a telephone motion hearing. (Feb. 4, 2022 Order.) Plaintiff's counsel submitted an affidavit describing unsuccessful efforts to contact Plaintiff. (Ansari Aff., ECF No. 24.) At the hearing, Plaintiff's counsel appeared but Plaintiff did not. (Mar. 9, 2022 Minute Entry and Order.) The Court granted CSM's motion, stayed the case for 60 days to permit Plaintiff to obtain new counsel, and directed Plaintiff to advise the Court by September 7, 2022 whether he wanted to pursue the case. (July 7, 2022 Order, ECF No. 27 at 4.) Former counsel served the order on Plaintiff at his last known mailing address. (ECF No. 28.) To date, Plaintiff has not responded.

## II.   DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (finding that the power to dismiss for failure to prosecute "while explicitly sanctioned by Rule 41(b) has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

2

cases.") (cleaned up). In determining whether to dismiss a plaintiff's case pursuant to Rule 41(b), the court considers: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216. "No single factor is generally dispositive." *Id.*

After carefully reviewing the record and considering the *Baptiste* factors, the Court finds sufficient grounds for dismissal of this action.

*First*, Plaintiff failed to comply with this Court's scheduling order to appear for the March 2022 motion hearing and failed to respond to the Court's order to state his intentions for this case. (*See* Feb. 4, 2022 Order; Mar. 9, 2022 Minute Entry & Order; July 7, 2022 Order, ECF No. 27 at 4.) This factor weighs in favor of dismissal. *See Lewis*, 564 F.3d at 576 (collecting cases where failure to comply with scheduling or other orders warrants dismissal).

*Second*, Plaintiff was on notice from the Court and counsel that failure to participate in this case could result in dismissal. *See Baptiste*, 768 F.3d at 218 (reversing *sua sponte* dismissal in part because "the district court's orders did not provide clear guidance on how [plaintiff] could avoid dismissal"). In its scheduling order for the hearing on counsel's motion to withdraw, the Court warned Plaintiff that "failure to appear or to request a new date for this conference may result in adverse consequences, including termination of this action." (Feb. 4, 2022 Order.) Upon the Court's order, counsel attempted to contact Plaintiff 11 times, either directly or through an associate, to serve the scheduling order with the Court's warning, but

3

Plaintiff did not respond. (Ansari Aff., ECF No. 24 ¶¶ 3–15.) When granting counsel's motion to withdraw, the Court again warned that "if Plaintiff continues to absent himself from the proceedings, the Court may recommend that the case be dismissed for failure to prosecute." (July 7, 2022 Order, ECF No. 27 at 3.) The Court also directed Plaintiff to contact the Court as a *pro se* litigant. (*See id.* at 4.) Notwithstanding these notices and opportunities to be heard, to date Plaintiff still has not responded. This factor thus weighs heavily in favor of dismissal.

The *third* factor, prejudice to Defendants, somewhat weighs in favor of dismissal. Defendants have never appeared in this action and the Clerk of Court entered certificates of default against them. (ECF No. 11.) However, "[w]hile both parties have failed to participate in this case, the Plaintiff's lack of action in prosecuting this case creates the presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal." *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358 (NG)(ST), 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *adopted by* 2021 WL 7906530 (E.D.N.Y. May 6, 2021).

*Fourth*, while there is no "compelling evidence of an extreme effect on court congestion," *Baptiste*, 768 F.3d at 218, the Court cannot conclude that Plaintiff has any interest in being heard in this forum. Plaintiff has been absent from this case since at least August 2021, when counsel began requesting extensions of time to file the motion for default judgment due to an inability to contact Plaintiff. (*See, e.g.*, ECF Nos. 13, 14, 15 (noting Plaintiff's failure to respond to counsel as early as August 2021 and stating that Plaintiff has "moved some distance").) "It is not an efficient use of the Court's or defendant['s] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). This factor therefore weighs heavily in favor of dismissal.

Finally, "dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." *Id.* (collecting cases). As such, dismissal is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court respectfully and *sua sponte* recommends dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation and the full docket sheet to Plaintiff at the mailing address listed in Plaintiff's former counsel's certificate of service (ECF No. 28): 34-33 62nd St., Apt. 1, Woodside, NY 11377.

Within 14 days of service, a party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to the Honorable Diane Gujarati. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 7, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge